**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Town of Lexington, South Carolina, Appellant,

v.

City of West Columbia, South Carolina, and The Central Midlands Council of Governments, Respondents.

Appellate Case No. 2023-000140

---

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-329
Heard May 5, 2026 – Filed July 1, 2026

---

**AFFIRMED**

---

Adam J. Neil, of Parker Poe Adams & Bernstein, LLP, of Columbia, for Appellant.

Alexander George Shissias, of The Shissias Law Firm, LLC, of Columbia, for Respondent The Central Midlands Council of Governments.

Matthew Todd Carroll, Belton Townsend Zeigler, and Bryant Sparks Caldwell, all of Womble Bond Dickinson (US) LLP, of Columbia, for Respondent City of West Columbia.

**PER CURIAM:** Appellant Town of Lexington (Lexington) brought this declaratory judgment action against Respondents City of West Columbia (West Columbia) and the Central Midlands Council of Governments. Lexington claimed it had the right to provide wastewater services to an area that West Columbia had recently annexed. West Columbia sought to expand its sewer system in the same place. Lexington appeals the circuit court's dismissal of its suit under Rule 12(b)(6), SCRCP. We affirm.

Precedent and statutory law mandate that even if Lexington was serving or could readily serve the disputed area, once the area was annexed by West Columbia, Lexington had no right to institute new service or to expand service in the area without West Columbia's consent. *City of Aiken v. Aiken Elec. Co-op., Inc.*, 305 S.C. 466, 468, 409 S.E.2d 403, 404 (1991) (affirming "the right of municipalities to authorize expansion of existing service or to provide alternative service" in a newly annexed area); *Berkeley Elec. Co-op, Inc. v. S.C. Pub. Serv. Comm'n*, 304 S.C. 15, 19, 402 S.E.2d 674, 677 (1991) (explaining "a municipality may either consent to expanded service by the assigned supplier or itself serve new premises and customers within the assigned, annexed area" (quoting *Blue Ridge Elec. Co-op., Inc. v. City of Seneca*, 297 S.C. 283, 289, 376 S.E.2d 514, 517 (1989))); *Blue Ridge*, 297 S.C. at 290, 376 S.E.2d at 518 (reiterating that previously "assigned suppliers have no absolute statutory right to serve [newly] annexed areas" without consent); *Comm'rs of Pub. Works of the City of Laurens v. City of Fountain Inn*, 428 S.C. 209, 215, 833 S.E.2d 834, 837 (2019) ("[Section 5-7-60 of the South Carolina Code (2004)] provides municipalities 'may' furnish their services to areas outside their corporate limits 'by contract' except within the designated service area of another. Thus, absent a designated service area, municipalities have the opportunity—not the right—to furnish their services by contract to nonresidents."); S.C. Code Ann. § 5-31-2030(3) (2004) (providing a municipality may require residents to use the municipality's sewer system).

We respectfully reject any argument that the regional wastewater management plan constitutes prior consent from West Columbia. Even if it did, annexation voids prior designations, which was the extent of Lexington's authority under the plan. *See Blue Ridge*, 297 S.C. at 290, 376 S.E.2d at 518 (explaining "[previously] assigned suppliers have no absolute statutory right to serve [newly] annexed areas" and holding an annexing municipality may provide services "to new customers and premises" in the annexed area, regardless of any previous assignments to the area).

Accordingly, the circuit court's dismissal is affirmed. We need not address any remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is controlling).

**AFFIRMED.**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**